The Honorable E. L. Short Chairman House Committee on Intergovernmental Affairs P. O. Box 2910 Austin, Texas 78767
Re: Whether article 1011m, section 8, V.T.C.S., violates article 1, section 10 of the United States Constitution.
Dear Chairman Short:
You have asked our opinion whether section 8 of article 1011m, V.T.C.S., violates article 1, section 10 of the United States Constitution. Article 1011m provides for the creation of regional planning commissions in this State. Any two or more general purpose governmental units may create a regional planning commission to make studies and plans to guide the development of the area. Recommendations of the commission may be adopted in whole or in part by the respective governing bodies of the cooperating governmental units. V.T.C.S. art. 1011m, §§ 3, 4. Section 8 of article 1011m provides:
 With advance approval of the governor, a Commission in a region or area contiguous to areas in the Republic of Mexico may expend the funds available under the provisions of Section 6 of this Act in cooperation with agencies of the Republic of Mexico or its constituent states or local governments for planning studies encompassing areas lying both in this state and in contiguous territory of the Republic of Mexico.
You ask if this provision conflicts with article 1, section 10 of the United States Constitution, which provides in pertinent part:
No State shall enter into any Treaty, Alliance, or Confederation
. . . .
. . . .
 No State shall, without the Consent of Congress . . . enter into any Agreement or Compact with another State, or with a foreign Power . . . .
Although the terms `Treaty, Alliance, or Confederation' and `Agreement or Compact' are nowhere defined in the Constitution, their meanings have long been understood.
 [T]he terms used, `treaty, alliance, or confederation' . . . apply to treaties of a political character; such as treaties of alliance for purposes of peace and war; and treaties of confederation, in which the parties are leagued for mutual government, political co-operation, and the exercise of political sovereignty; and treaties of cession of sovereignty, or conferring internal political jurisdiction, or external political dependence, or general commercial privileges. The latter clause, `compacts and agreements,' might then very properly apply to such as regarded what might be deemed mere private rights of sovereignty; such as questions of boundary; interests in land situate in the territory of each other; and other internal regulations for the mutual comfort and convenience of States bordering on each other.
2 J. Story, Commentaries on the Constitution of the United States § 1403 at 264 (4th ed. 1873); Virginia v. Tennessee,148 U.S. 503, 519 (1893).
Section 8 of article 1011m clearly does not authorize the creation of any `Treaty, Alliance, or Confederation' within the meaning of the Constitution. Whether that section authorizes an `Agreement or Compact' requiring the consent of Congress depends upon whether it permits
 the formation of any combination tending to the increase of political power in the States, which may encroach upon or interfere with the just supremacy of the United States.
Virginia v. Tennessee, supra at 519; New Hampshire v. Maine,426 U.S. 363, 369 (1976); United States Steel Corporation v. Multistate Tax Commission, 417 F. Supp. 795 (S.D.N.Y. 1976), (3 judge ct.), prob. juris. noted, 45 U.S.L.W. 3570 (Feb. 22, 1977) (No. 76-635); McHenry County v. Brady, 163 N.W. 540 (N.D. 1917).
We do not believe that the `cooperation' between a regional planning commission and agencies, states or local governments of the Republic of Mexico authorized by section 8 of article 1011m constitutes an agreement or compact within the meaning of the Constitution. Regional planning commissions are not authorized to enter into any binding agreements with officials of the Republic of Mexico. The purpose of the commission's `cooperation' with Mexican officials is to assist in `planning studies encompassing areas lying both in this state and in contiguous territory of the Republic of Mexico.' The commission has no authority to bind its members as to the implementation of any such plans. The plans and recommendations of the commission and officials of the Republic of Mexico are merely preparatory to any action that might be taken either unilaterally or pursuant to an agreement or compact.
 The legislative declaration will take the form of an agreement or compact when it recites some consideration for it from the other party affected by it . . . . The mutual declarations may then be reasonably treated as made upon mutual considerations. The compact or agreement will then be within the prohibition of the Constitution or without it, according . . . [to whether it] may lead or not to the increase of the political power or influence of the States affected, and thus encroach or not upon the full and free exercise of Federal authority.
Virginia v. Tennessee, supra at 520.
It is our opinion, therefore, that the cooperation authorized by section 8 of article 1011m between a regional planning commission and agencies, states and local governments of the Republic of Mexico does not empower a planning commission to enter into any treaty, alliance, confederation, agreement or compact with any level of the government of the Republic of Mexico. Consequently, article 1011m does not contravene article 1, section 10 of the United States Constitution.
 SUMMARY
Section 8 of article 1011m, V.T.C.S., does not authorize any treaty, alliance, confederation, agreement or compact between a regional planning commission and a foreign government and does not, therefore, violate article 1, section 10 of the United States Constitution.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee